Denio, C. J.
I believe all the judges agree that both the attempts to acquire the title of the purchaser to the premises in question were ineffectual, unless the one made by the relator was made good by the act of Griffin, the original purchaser, in attempting to use the relator’s money to effect the second redemption. In both instances the money was paid to the clerk, neither the sheriff nor any of his officers being present; while the statute required it to be paid to the officer who made the sale or to the sheriff, under sheriff or one of the sheriff’s deputies. Griffin’s attempt to redeem was also ineffectual, for the further reason that he did not pay money enough. The question, then, is whether the relator’s attempted redemption was confirmed by what took place subsequently respecting her money. It is insisted that this amounted to a waiver of the defect in the relator’s redemption and confirmed and made good that proceeding.
I cannot assent to this position. I think the rights of the relator were settled at the expiration of the fifteen ¡months. That time expired on Saturday night, the first of June, at midnight. At that time Griffin, confessedly, had done nothing to prejudice her rights. The relator nad *531 attempted to redeem, but had failed. The time for redemption had expired; the extension of the time for a. further period of twenty-four hours being provided only for cases where a redemption has been once made. If the purchaser afterwards took the relator’s money and converted it to his own use, the relator would no doubt have had a remedy for that injury; and in equity could perhaps compel him to ratify the redemption or return the money. He could not keep the money, and, at the same time, refuse to give effect to the purpose for which it was paid into the hands from which he took it. But in such a case I conceive that the court could not hold that a valid redemption had been made.. The case is not like that of The Bank of Vergennes v. Warren (7 Hill, 91). There the redemption was made to the purchaser; the statute at that time not requiring it to be made to the sheriff.. The purchaser received the papers and took the creditor’s money and gave him a receipt for it. An affidavit, which was one of the necessary papers, was sworn to before an officer in Vermont. It was held that the purchaser had waived the defect in the affidavit. If he had objected at the timé it was offered, the creditor might have procured one correctly sworn to. Not having objected, it was very just to hold him concluded. The doctrine of waiver generally depends upon an equitable estoppel; and if one is silent when good faith requires him to speak, he shall not afterwards be permitted to assert the truth. It is obvious that this principle has no application to the present case. The relator, to effect a redemption was required to do certain acts.and pay certain moneys to the sheriff, in which the purchaser was not a participant. She failed to do this, but not from any fault or on account of any acquiescence of the purchaser; and then the time elapsed within which she could in any way acquire the purchaser’s title. If the purchaser afterwards got her money into his possession, he is subject to the ordinary remedies for such-an act, and I think might, as I have said, *532 have been proceeded against in equity by an action to compel him to ratify the redemption or refund the money.
But I do not think the purchaser can be said to have obtained possession of the relator’s money. The act of taking it into his hands and immediately delivering it back to the clerk, from whom he received it, did not prejudice the relator. It was merely a formal act, indicating, it is true, that he supposed the relator had made a valid redemption and intended to effect a second redemption, but which was, however, wholly futile. If the relator would rely upon this ceremony as a ratification of her redemption, she ought to give it effect, in favor of the purchaser, according to his intention.
v I am in favor of affirming the judgment of the Supreme Court.
Comstock and Brown, Js., did not hear the argument; all the other judges concurring,
Judgment affirmed.